IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **EDWARD CONSTANTINESCU**, <br> **PERRY "PJ" MATLOCK**, <br> **JOHN RYBARCZYK**, <br> **GARY DEEL**, <br> **STEFAN HRVATIN**, <br> **TOM COOPERMAN**, <br> **MITCHELL HENNESSEY**, and <br> **DANIEL KNIGHT**, <br><br> Defendants. | Case No. 4:22-cr-612 <br><br> The Honorable Andrew S. Hanen |

### United States' Opposition to Defendant Hennessey's Motion for a Speedy Trial

The United States, by and through undersigned counsel, respectfully submits this brief in opposition to Defendant Hennessey's motion for a speedy trial. (ECF No. 124.) The Court should deny the motion because the case is complex as to all defendants and the current trial schedule is consistent with the ends of justice. Further, the Defendant is charged—and should be tried—with his codefendants and alleged partners in crime. A reasonable period of excusable delay as to his codefendants is attributable to the Defendant.

**I.   Background**

A Grand Jury in this District returned the Indictment on December 7, 2022, charging the Defendant and seven alleged coconspirators with conspiracy to commit securities fraud and substantive counts of securities fraud. (ECF No. 1.) The defendants were arrested and the Indictment unsealed on December 13, 2022. That day, Defendant Hennessey, a resident of New Jersey, made his initial appearance in the District of New Jersey. (ECF No. 75.)

On December 19, 2022, Defendant Hennessey's counsel filed a notice of appearance in this case in this District. (ECF No. 50.) On December 28, 2022, defendants Constantinescu, Matlock, Rybarczyk, and Knight collectively filed a motion to certify this case as complex under the Speedy Trial Act and for a continuance on that basis. (ECF No. 72.) Defendant Hennessey did not object to that motion, nor did any other defendant. The Court granted that motion, certifying the case as "'complex' within the meaning of 18 U.S.C. § 3161(h)." (ECF No. 87.) The Court issued a related scheduling order setting October 23, 2023 as the date certain for trial in this matter. (ECF No. 88.)

On the morning of January 5, 2023, the United States made its first discovery production, which constituted the majority of discovery in this case. The production contained hundreds of thousands of documents, including the defendants' trade data and relevant social media records spanning the duration of the multi-year relevant period.

The Defendant appeared in this District, represented by current counsel, for arraignment on January 5, 2023. At that hearing, the Magistrate Judge referenced the current trial schedule, to which the Defendant again did not object, and the Defendant waived his Speedy Trial right. (*See* Def.'s Mot. at 2, ECF No. 124.)

On January 27, 2023, the Defendant filed the instant motion. (*See id.*) On January 31, 2023, Defendant Rybarczyk filed a response to Defendant Hennessey's motion, stating in part that Defendant Rybarczyk "*objects* to any expediting of the trial of his case as a result of Mitchell Hennessey's motion." (ECF No. 125.)

**II.     The Court should deny the Defendant's motion because the case against him is complex and the current scheduling order is consistent with the ends of justice.**

The Court should deny the Defendant's motion and maintain the current trial schedule because the case is complex as to all defendants, including Defendant Hennessey. When analyzing whether to grant an "ends of justice" continuance under the Speedy Trial Act based on a case's complexity, a court must consider factors including whether the case is "complex[] due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law . . . ." 18 U.S.C. § 3161(h)(7)(B)(ii). Here, these factors demonstrate an ends of justice continuance is warranted as to all defendants, including Defendant Hennessey.

The reasons listed in the defendants' motion to certify the case as complex, which the Court granted, include:

   (i)    there are eight defendants;
   (ii)   four defendants reside outside the Southern District of Texas;
   (iii)  allegations of securities fraud and conspiracy to commit securities fraud;
   (iv)   a voluminous amount of discovery material; and
   (v)    novel questions of fact and law.

(Defs.' Mot. at 2–3, ECF No. 72.) These bases are all equally true as to Defendant Hennessey, along with the other defendants, and are more than sufficient to qualify this as a complex case under the Speedy Trial Act. *See, e.g.*, 18 U.S.C. § 3161(h)(7)(B)(ii); *United States v. Williams*, 314 Fed. App'x 656, 659–60 (5th Cir. 2009) (affirming district court's denial of motion to dismiss where court certified case as complex due to multiple defendants and that it presented novel questions of law, among other factors); *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008) (affirming finding complex a case charging

failure to pay child support); *United States v. Chalkias*, 971 F.2d 1206, 1211 (6th Cir. 1992) (upholding continuance based in part on complexity of interstate conspiracy with numerous defendants); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985) (upholding continuance based on complexity of fraud case with six defendants and thousands of financial documents). Thus, the current trial schedule in this complex case is consistent with the ends of justice as to all defendants and should not be disturbed.

### III. The Court should deny the Defendant's motion because the reasonable excludable delay of codefendants is attributable to the Defendant.

Even if the case were not complex as to the Defendant, the Court should deny his motion because "the excludable delay of one codefendant may be attributable to all codefendants" for purposes of the Speedy Trial Act. *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998). The statute provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time for trial has not run and no motion for severance is granted." 18 U.S.C. § 3161(h)(7). To assess the reasonableness of a delay, Courts may examine either "(a) the totality of the circumstances prior to trial, or (b) the actual prejudice suffered by the [defendant] as a result of the subsection (h)(7) exclusion." *Franklin*, 148 F.3d at 457 (internal quotations and citation omitted).

Here, the totality of the circumstances highlights the reasonableness of the continuance. Indeed, the Court has already recognized the reasonableness in certifying this case as complex and granting a continuance on that basis. (*See* Order, ECF No. 87.)

4

Critically, in this analysis, "proper consideration should be given to the purpose behind subsection (h)(7)—accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Franklin*, 148 F.3d at 457, n.21 (collecting cases) (internal quotation and citation omitted). A necessary—though unaddressed—premise of the Defendant's request is that, to grant it, his trial must be severed from his codefendants' and alleged coconspirators' trial. Perhaps the issue is elided because it's fatal to the Defendant's cause. As the Supreme Court of the United States has explained in affirming the denial of a severance motion:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation and citation omitted).

Severing the Defendant's trial from his codefendants and charged partners in crime would result in significant waste of judicial and prosecutorial resources, which the Court should avoid by denying the Defendant's motion. *See, e.g.*, *Franklin*, 148 F.3d at 458 ("The utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." (internal quotation and citation omitted)). The Defendant was a central participant in the scheme at issue. Significant portions of the evidence as to the Defendant overlap with his codefendants and partners in crime. Separate trials would require duplicative testimony

from most, if not all, witnesses, and substantially duplicative documentary evidence. *See, e.g.*, *id.*

The Defendant's specious attempt to minimize his role in the alleged conspiracy and distance himself from his codefendants is unmerited by the facts. The Defendant was a significant contributor to the wide-ranging conspiracy spanning years of near-daily market conduct and social media activity. He was the primary host of Pennies: Going in Raw—the self-proclaimed "#1 Stock Market Podcast"—which the Defendant used to entice victims to the scheme.[1]

The Defendant's characterization of the evidence as "four tweets about two companies," (Def.'s Mot. at 3, ECF No. 124), is a gross oversimplification without basis in fact, which is apparent from the discovery that was in the Defendant's possession on the morning of the day he appeared in this Court and waived his Speedy Trial rights. The Indictment itself references numerous social media posts by the Defendant beyond the ones specifically quoted within it. (S*ee* Indictment ¶ 56, ECF No. 1.) And the discovery makes plain the significant scope of the alleged fraud in which the Defendant played an integral part, as well as the Defendant's extensive communications with his charged partners in crime. The incidents of the Defendant's conduct in furtherance of the conspiracy are legion.

Further, the current trial schedule presents no apparent prejudice to the Defendant. Factors courts consider in this analysis include whether a delay would impair a defendant's ability to defend himself or would result in excessive pretrial incarceration. *See, e.g.*,

---

[1] *See* PENNIES: GOING IN RAW, http://www.penniesgoinginraw.com (last accessed Feb. 2, 2023).

*Franklin*, 148 F.3d at 457. Both factors resolve in favor of the reasonableness of the continuance. The Defendant remains out on bond. *See, e.g.*, *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) ("[T]he delay did not result in excessive incarceration as [defendant] remained free on bond during the pendency of his trial."). And the current schedule creates no apparent impairment of the Defendant's ability to mount a defense— indeed, the time affords the opportunity to review more carefully the considerable quantum of the Defendant's false statements contained in the evidence produced.

Thus, the United States respectfully urges the Court to issue an order denying the Defendant's motion and making just and proper findings of fact and conclusions of law supported by the record, including the following:

- This case is complex as to all defendants, including Defendant Hennessey, under § 3161(h)(7)(B)(ii) for reasons including but not limited to:
    - there are eight defendants;
    - four defendants reside outside the Southern District of Texas;
    - allegations of securities fraud and conspiracy to commit securities fraud;
    - a voluminous amount of discovery material; and
    - novel questions of fact and law.

- Reasonable excludable periods of delay as to one defendant apply to all other defendants.

- The delay in this case is reasonable and, thus, excludable for multiple reasons, including but not limited to the complexity of the case and the reasons provided for that finding.

- The current trial schedule serves the ends of justice by adequately balancing the complexity of this case with the best interests of the public and defendants in a speedy trial.

*See, e.g.*, 18 U.S.C. § 3161; *United States v. Perry*, 35 F.4th 293, 351 (5th Cir. 2022) ("The district court discussed the complexity of the case, as required by § 3161(h)(7)(B)(ii),

7

noting the number of defendants and ongoing filing and consideration of numerous pretrial motions."); *Bieganowski*, 313 F.3d at 281–82 ("The district court's . . . order clearly satisfied the requirement of [the Speedy Trial Act] that the court articulate reasons recognized under the act for granting a continuance.").

## CONCLUSION

The Court should deny the Defendant's motion for the foregoing reasons and provide the necessary findings supporting that decision. The Court's current trial schedule adequately balances the complexity of this case with the best interests of the public and defendants in a speedy trial. The October 23, 2023 trial date should be maintained as a date certain for all defendants.

Dated: February 2, 2023                     Respectfully submitted,

                                            GLENN S. LEON
                                            Chief, Fraud Section
                                            Criminal Division, Department of Justice

                                    By:     *s/ John J. Liolos*
                                            Scott Armstrong, Assistant Chief
                                            John J. Liolos, Trial Attorney
                                            Fraud Section, Criminal Division
                                            United States Department of Justice
                                            1400 New York Ave. NW
                                            Washington, DC 20005
                                            Tel.: (202) 768-2246

ALAMDAR S. HAMDANI

United States Attorney
Southern District of Texas

By: <u>*s/ Thomas H. Carter*</u>
Thomas H. Carter
Assistant United States Attorney
State Bar Nos.: TX24048387
1000 Louisiana Street, 25th Floor
Houston, Texas 77002
Tel.: (713) 567-9470

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, I will cause the foregoing brief to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

                        */s/ John J. Liolos*

                        John J. Liolos, Trial Attorney
                        U.S. Department of Justice
                        Criminal Division, Fraud Section