# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 4:22-cr-00612-3** |
| | § | |
| **JOHN RYBARCZYK** | § | |

_____

### RYBARCZYK'S OBJECTIONS TO GOVERNMENT'S
### CRIME VICTIMS' RIGHTS ACT PROPOSED POST
_____

**TO THE HON. ANDREW HANEN, UNITED STATES DISTRICT JUDGE:**

Defendant John Rybarczyk ("Rybarczyk") objects to the current format of the Government's' Proposed Post regarding the Crime Victims' Rights Act ("CVRA"). (Dkt. 194) as follows:

**A.     Introduction**

After this Court's February 28, 2023 decision on the Government's motion to authorize alternative victim notification procedures (Dkt. 188), the Government circulated drafts of the Proposed Post to undersigned counsel on March 2 and March 6.  Rybarczyk initially objected to the drafts on three grounds.  First, language purporting to summarize the Indictments constitute editorial comments which are contrary to the Court's Order.  (Dkt. 188).  Second, to the extent any language attempts to describe the criminal charges, that language should be characterized as "allegations," and further, that the "presumption of innocence" provision be moved

1

to the top of the notice.  Third, a paragraph should be added asking those who believe they are victims to include an identification of the specific security and trade details including, trade time(s), date(s), number share(s), price, whether they bought/sold, and an assessment of the gains/losses associated with the trade(s).  Should this information not be included, the defense will need additional time to cultivate their own set of data from the same potential victims.  Accordingly, we request that the Court order the Government to timely produce any Victim Impact Statements received from potential victims.[1]  Several other counsel either lodged similar objections[2] or agreed with their co-counsels' assessments.[3]

Without any dialogue addressing Defendants' concerns, the Government filed its final version of the Proposed Post on March 7.  (Dkt. 194-1).  The only changes from the objectionable drafts are: "Presumption of Innocence" section is bolded and moved to the first page, and deletion of a single sentence in the fourth paragraph.[4]  Presumably the Proposed Post's web version includes links to the Superseding Indictment and standard Victim Impact Statement.  Rybarczyk renews his objections to the Proposed Post.

---

[1] March 3, 2023, email from Scott Armstrong to counsel.

[2] Hennessey's counsel also objected that all text under the criminal charges section was outside the Court's order and asked for prompt disclosure.  Hennessey's counsel also suggested adding language "It is important to keep in mind that a criminal indictment is merely an allegation and defendants are presumed innocent."

[3] Matlock, Deel, Constantinescu, and Hrvatin agreed with co-counsel's objections.

[4] That sentence provided "As noted below, the defendants are presumed innocent of the charges."

## B. Objections | Argument

The Government's Proposed Post still misses the mark on several fronts.[5]

The Court ordered that the Proposed Post not contain "editorial comment." (Dkt. 188)  Summarizing the nature of the alleged offenses, the original and Superseding Indictments, and Defendants' supposed involvement, especially in its current state, is an expression of Government's' opinion or commentary.  Indeed, the Government's insistence on referring to the conduct as a "pump and dump" is a highly inflammatory (and incorrect) legal conclusion that has the potential to prejudice the defendants. It is sufficient for the Government to provide web access to the Superseding Indictment which contains information about the Government's factual allegations, Defendants, and their alleged conduct, without summarizing the conduct as a "pump and dump."  Alternatively, to the extent the Court decides to include any proposed language describing the criminal charges in the Proposed Post, the charges should be appropriately characterized as "allegations" rather than couched as factual statements.

Additionally, it is important to gather meaningful information about those who believe they are potential victims of the alleged conduct.  The Superseding Indictment charges a single conspiracy to commit securities fraud over a two- and

---

[5] Rybarczyk's apprehensions about the Government's alternative notification procedures enumerated in Dkt. 126, (incorporated by reference,) are solidified given the Government's Proposed Notice.

one-half-year period.  (Dkt. 134 ¶¶ 116-119).  Yet the Superseding Indictment only attempts to describe the purported "pump and dump" of approximately 18 stocks with an aggregate profit of approximately $14 million, while simultaneously alleging a total conspiracy of $114 million. (Dkt. 134 ¶¶ 1, 116-121).

The Government's contention that there is an additional $100 million of alleged profits from unidentified stock tickers underscores the absolute necessity for those who believe they are potential victims to specifically identify the nature of the transaction(s) that they believe were affected by Defendants' alleged scheme. Without specific information, from the potential victims' about their respective stock trade(s), amount(s), date(s) and profit(s)/loss(es), it would be impossible to determine whether those submitting victim impact statements are potentially within the scope of the Government's case.[6]  Market participants alone are not victims. Further, the Proposed Post as drafted labels every stock purchaser as a potential victim, thereby threatening Rybarczyk's right to a fair trial and impartial jury.[7]  It would also be impossible to properly prepare a defense of the case let alone make any meaningful use of the Victim Impact Statements for the purposes of trial, sentencing and/or restitution.  Operating without this information creates a dragnet of potential Victim Impact Statements that may have little, if any, relationship to the

---

[6] This should not be controversial.
[7] See also, Dkt. 126 and related arguments.

alleged conduct.  Clearly specifying basic trading information will ease the burden on both Government and Defense counsel in filtering the information into some meaningful format.

Rybarczyk's edits[8] to the Government's Proposed Post are attached as Exhibit "A".

Finally, the Government should be ordered to promptly produce Victim Impact Statements and materials provided by potential victims to defense counsel on a rolling basis.  This is a wholly reasonable request given the amount of money, time frames, and potentially unlimited number of stocks that the Government may attempt to use to prove its allegations.

## CONCLUSION

Defendant Rybarczyk respectfully requests that the Court modify the Proposed Post as suggested in Exhibit "A" and Order the Government to make a prompt rolling production of the Victim Impact Statements and related materials received from potential victims in this matter.

Respectfully submitted,

HILDER & ASSOCIATES, P.C.

/S/ Stephanie K. McGuire
Texas Bar No.: 11100520
Philip H. Hilder
Texas Bar No. 09620050

---

[8] Counsel will provide the Court with a MS Word version upon request.

5

Q. Tate Williams
Texas Bar No:  24013760
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

Eric Samuel Rosen
Freedman Normand Friedland LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
erosen@fnf.law

*Attorneys for Defendant, John Rybarczyk*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, a true and correct copy of the above and foregoing was served on all counsel of record via ECF.

*/S/ Stephanie K. McGuire*