UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:22-cr-00612-3 |
| | § | |
| JOHN RYBARCZYK | § | |

**RYBARCZYK'S OPPOSED RENEWED MOTION
TO MODIFY CONDITIONS OF RELEASE**

TO THE HONORABLE ANDREW HANEN, UNITED STATES DISTRICT JUDGE:

Since December 2022, Defendant JOHN RYBARCZYK ("Rybarczyk") has been ordered to wear a GPS ankle monitor as a condition of his pretrial release. Over the ensuing seven months, Rybarczyk has scrupulously followed every mandate of his bail conditions. In addition, Rybarczyk—with the permission of this Court and the Government—has traveled out of Texas. Each time he has done so he has dutifully returned home. Finally, Rybarczyk's wife is poised to give birth within the next two weeks. The Rybarczyks expect that their newborn will sleep in their bed, and the noises emitted by the ankle monitor—loud beeps and a computerized voice shouting "battery charged"—will not only wake up the new mother but also potentially rouse their slumbering baby.

Because of all these factors, Rybarczyk renews his motion to modify his conditions of release to remove his GPS ankle monitor as he is not— and cannot be—a flight risk. Pretrial services Officer Ryan McClellan, who is monitoring Rybarczyk, agrees. Officer McClellan **does not oppose** the removal of his GPS monitor. The Government, however, despite consenting to the removal of the GPS monitor for Rybarczyk's co-defendant, Daniel Knight (Dkt. 309), still opposes

1

the removal of the GPS monitor for Rybarczyk, although it has not offered any reasons for doing so. Accordingly, this motion to remove the ankle monitor as a condition of Rybarczyk's release now follows.

## I.  Relevant Procedural History

This Court is well-aware of the procedural history of this case, which will only briefly be summarized herein.

On December 7, 2022, Rybarczyk was charged in Counts 1, 2, 4, 7, and 8 of an Indictment with "Conspiracy to Commit Securities Fraud" and "Aiding and Abetting Securities Fraud" in violation of 18 U.S.C. §§ 2, 11348, and 1349. Dkt. 1 at pp.37-8.

On December 15, 2022, Rybarczyk voluntarily returned to Texas and appeared in this district before U.S. Magistrate Judge Christina A. Bryan, who ordered the bond conditions from Tennessee null and void and issued new conditions. *See* Dkt. 29-30; Docket Text for December 15, 2022. The new bail conditions included Stand Alone Monitoring and Location Monitoring Technology by GPS. Dkt. 30 at pp. 2-3 ¶¶ p(iv), q(iv), and (t). No individualized assessment of Rybarczyk was conducted prior to the imposition of electronic monitoring.

A superseding indictment was issued on February 9, 2023. Mr. Rybarczyk, together with his legal team, are now preparing for trial, which is currently scheduled for October 2023. Over the past seven months, Rybarczyk has meticulously complied with ever condition of his bail conditions. Rybarczyk has appeared in court as directed, and has even appeared in court when *not* directed (such as to attend scheduled oral arguments). Put simply, Rybarczyk has not had a single issue warranting the intervention of pretrial services or this Court with respect to the conditions of his release.

In addition, Mr. Rybarczyk has been granted permission by this Court to travel to other states with the consent of the Government. On May 22, 2023, this Court granted Rybarczyk permission to travel to California, and on June 14, 2023, this Court granted Rybarczyk permission to travel to Virginia.

Moreover, the Government has recognized that other defendants charged in this same case as well as a related case do not need electronic GPS monitoring. Defendant Daniel Knight, who was charged in this very same indictment, was initially subject to GPS monitoring, and he too complied with every condition of his bond. The Government consented to the removal of his GPS monitor, and pretrial services did not oppose the request. On June 20, 2023, this Court granted Knight's motion to remove his ankle monitor. And in a separate, related case—that of Francis Sabo (23-CR-206)—the Government did not even seek to impose an ankle monitor as a condition of his release at all, despite his plea of guilty.

## II.     Argument and Authorities

### A.     The 18 U.S.C. 3142(g) factors strongly weigh in favor of removal of the GPS-monitoring bracelet.

The factors set forth under Title 18, United States Code, Section 3142(g) strongly weigh in favor of removal of Rybarczyk's GPS bracelet.

#### 1. Rybarczyk is Charged with a Non-Violent Offense Under a Novel Theory of Securities Fraud.

As the Court is aware, Rybarczyk has not been charged with a violent, drug, sex, terror, or other similar crime. In fact, Rybarczyk has no history of violence (or any other crimes) at all. Instead, the Superseding Indictment alleges a conspiracy to commit securities fraud and securities fraud through s*ocial media posts* in violation of Title 18 U.S.C. §§1348 and 1349, a novel theory only *once* prosecuted in American history and resulting in a conviction under a different statute

3

and a different set of facts. Any crimes Rybarczyk is alleged to have committed were online without regard to his physical location. Thus, GPS monitoring is irrelevant to the alleged offenses or risk of recidivism.

### 2. The Weight of the Evidence Against Rybarczyk is Weak

The Government's novel theory in this case is that amateur Twitter users, who warned followers that their Tweets were not to be construed as investment advice, had a duty to tell their followers when they were selling their own shares of a publicly held stock.

The defense has filed multiple motions to dismiss which are currently *sub-judice*, and many of those motions describe the evidence that has been collected by the Government and how, even when viewed most favorably to the Government, the sum of the evidence as against Rybarczyk is weak. Rybarczyk will not rehash the content of those motions here, but relies on the motions to the extent necessary for this 3142(g) factor.

In addition to those motions to dismiss, the parties have already sparred over the merits of this case once, and this Court has ruled in favor of the defense. In that regard, in March and April, the Government attempted to seize millions of dollars (and three vehicles) from Rybarczyk, who promptly moved to quash the warrants. *See* Dkt. 238. The Government's affidavit in support of the seizure warrants proved thin, and this Court quashed the seizure warrants (while ordering one account to remain frozen). *See* Tr. April 12, 2023 at 47. Accordingly, the "weight of the evidence" factor too heavily weighs in favor of the defense.

### 3. Rybarczyk's History and Characteristics Prove He is Not a Flight Risk

Rybarczyk's history and characteristics of substantial personal and financial ties to this district and the United States negate any purported concern he is a flight risk.

4

Rybarczyk, who has no criminal history or history of abusing drugs or alcohol, is a United States citizen.  He was born and raised in Virginia and moved to this district in March 2021, where he resides with his pregnant wife (married April 28, 2018), minor stepson (age 7), and their daughter (age 1), all of whom are also only United States citizens. Rybarczyk has no foreign ties; he speaks no foreign languages; he has never lived abroad; he owns no foreign property or bank accounts; and, he has traveled abroad in the past to destinations such as France, Italy, Mexico and the Bahamas, solely for tourism and never for business.

To the contrary, *all* of Rybarczyk's ties are to the United States. The Rybarczyks still own their previous home in Fredricksburg, VA.  Rybarczyk's mother lives in Virginia Beach, VA, while his father lives in Vero Beach, FL.  Rybarczyk has two adult sisters: one in Virgnia Beach, VA, and another in Richmond, VA.  His wife's parents live in Fredericksburg, VA. However, his in-laws also own property in this district near Rybarczyk's home.  That house is occupied by one of his wife's sisters while the other lives with the Rybarczyks.  His wife's brother also lives in the same neighborhood.  As evidenced by the forfeiture allegations in the Indictment, Rybarczyk has substantial real property holdings in this district. *See* Dkt. 1 at p. 42-43, ¶¶132-135.  His personal and financial community ties are wide and deep. Accordingly, flight in this situation would require Rybarczyk to abandon all of his properties and both he and his wife's immediate families, then somehow successfully flee this country without the use of a passport.  Nothing in his history or characteristics indicates this it is even remotely likely.

The Court should also examine Rybarczyk's conduct in this case. Upon learning of the charges, Rybarczyk contacted authorities in the Middle District of Tennessee to voluntarily turn himself in *while he was on vacation.*  Rybarczyk, *though informed in Court of the serious charges against him prior to release did not run*  and appeared with counsel in this district.  Rybarczyk has

5

surrendered his passport. Rybarczyk also posted a $1,000,000.00 bond secured by a $100,000.00 cash deposit. Dkt. 29; *See also* Docket text for December 16, 2022. And, as noted, Rybarczyk has had, for the past *seven months*, no issues at all with either pretrial services or with following the conditions of his release. To the contrary, Rybarczyk's pretrial services officer—the Government individual who knows Rybarczyk the best—now does not oppose the removal of Rybarczyk's GPS monitoring device, thereby confirming the merits of this motion.

Finally, there are new and exigent circumstances requiring the removal of the GPS location monitoring bracelet *post haste*. Rybarczyk's wife is expecting to give birth within the next two weeks. The Rybarczyks expect that their newborn will sleep in their bed for the first few months. The GPS monitor will interfere with that. At night, when it is plugged in, the GPS monitor incessantly beeps and "talks," stating things such as "batter charged" repeatedly and at a level loud enough to wake Rybarczyk and his wife. Typically, the GPS monitor needs to be shaken at least three times in order to turn back off and go to sleep itself. Clearly, this loud electronic device will wreak havoc on the sleep of both the newborn and Rybarczyk's wife. For this reason too, removal of the bracelet is appropriate.[1]

### 4. Similarly situated defendants have had their devices removed.

As described above, two defendants in this same case are no longer (or have never been) subject to GPS monitoring. The Government consented to the removal of Daniel Knight's GPS monitor, deeming him to no longer be a flight risk, even though he has now admitted his guilt to the charged crimes and no longer, and unlike Rybarczyk, presumed to be innocent. Francis Sabo

---

[1] There is also an alternative device that can properly monitor Rybarczyk without requiring incessant, loud charging at night. BI Incorporated, which makes GPS ankle monitors, also makes a watch, the "BI VeriWatch" that replicates the location-monitoring of the ankle bracelet. See https://bi.com/gps/. To the extent that this Court is not inclined to remove GPS monitoring all together, this Court can order pretrial services to replace the ankle monitor with the watch.

has never been required to wear a GPS location monitoring device even though he too has admitted guilt in the charged conspiracy. It makes little sense to relieve convicted defendants who face potential sentences of incarceration of their GPS location monitoring devices, while requiring presumed innocent individuals such as Rybarczyk, who are poised to contest their guilt at trial, to wear a location monitoring device. The Government has it exactly backwards.

## Conclusion

For all the above-noted reasons, Defendant, JOHN RYBARCZYK, requests that this motion be granted and his conditions of release be amended to remove the GPS ankle monitor.

Respectfully submitted,

**HILDER & ASSOCIATES, P.C.**

/S/ *Q. Tate Williams*
Q. Tate Williams
Texas Bar No.: 24013760
Philip H. Hilder
Texas Bar No. 09620050
Stephanie K. McGuire
Texas Bar No. 11100520
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com
stephanie@hilderlaw.com

Eric Samuel Rosen
Freedman Normand Friedland LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel: (617) 977-4163
erosen@fnf.law

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023 a true and correct copy of the above and foregoing Motion for Leave to Modify Release Conditions was served on all counsel of record via ECF.

/s/ *Q. Tate Williams*
Q. Tate Williams

**CERTIFICATE OF CONFERENCE**

On July 5, 2023 counsel communicated with Scott Armstrong, Assistant United States Attorney, by telephone who indicated he was OPPOSED to this Motion.

/s/ *Eric Rosen*
Eric S. Rosen

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 4:22-cr-00612-3** |
| | § | |
| **JOHN RYBARCZYK** | § | |

## **ORDER**

Defendant John Rybarczyk's motion to modify the conditions of his release is GRANTED.

John Rybarczyk's condition of release that he wear a GPS ankle monitor is removed.

SIGNED on this _____, 2023.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE