UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:22-cr-00612-3 |
| | § | |
| JOHN RYBARCZYK | § | |

**RYBARCZYK'S OPPOSED MOTION TO EXCLUDE EXTRANEOUS EPISODES FROM OCTOBER 2023, TRIAL**

TO THE HONORABLE ANDREW HANEN, UNITED STATES DISTRICT JUDGE:

John Rybarczyk ("Rybarczyk"), Defendant, respectfully moves pursuant to Fed. R. Evid. 403, 611(a)(2), and the 6th Amendment to the U.S. Constitution that this Court exclude evidence of any alleged fraud "episode" other than the 19 specified in the Superseding Indictment ("Indictment") at the current trial setting and in support shows:

**Introduction**

If this Court denies a continuance of the October, 2023, trial setting, it should strictly limit the Government's evidence to the 19 so-called "episodes" of fraudulent securities trading in the Indictment (Dkt. 134) and exclude all others, which the Government concedes it does not intend to "walk the jury through."[1]

**A.    There are only 19 episodes in the Indictment, Not 397 or 45**

The Indictment only identifies 19 alleged "pump and dump" "episodes." Thes are described by name and date in counts 2 thru 20. *See* Dkt. 134 at pp. 37-39. Many of these episodes are described in factual detail earlier in the Indictment. Dkt. 134 at pp. 9-34 ¶¶21-115.

---

[1] There are other reasons this evidence is inadmissible which will be addressed by timely motions in limine in the event this motion is denied.

1

Notwithstanding these limited allegations, on July 5, 2023, prosecutors filed "United States' Notice of Intent to Admit Evidence Under Rule 404(b)" disclosing its intent to offer *all* 397 separate trading episodes contained in its June 15, 2023, expert designation as either intrinsic, inextricably intertwined, or admissible extraneous 404(b) evidence. *See* Dkt. 319.

Then, last Monday, the Government declared that it only intends to put 45 episodes before the jury. Dkt. 377.² However, it was equivocal about the remainder.

### B.  The Government Will Not Commit to Any Number of Episodes it Will Present

As Defendant Hennessey recently observed, "the government now claims it will absolutely offer 45 of those Episodes at trial; and defendants can wait and see if it offers the remaining 352 Episodes. It might, or it might not." Dkt. 380 at 9.  This refers to the Government's August 28, 2023, filing, which stated, in relevant part (emphasis added):³

> The argument that Defendants have to be prepared to meet the United States' 397 episodes is also a straw man. The United States has no intention to walk the jury through each and every episode (or anywhere close to that number). Doing so would waste the Court's time and the jury's time. To be clear, the United States does intend to put before the jury the episodes at the beginning of its exhibit list (GX 1 – 45). It reserves the right to put before the jury additional episodes based on the trial evidence and arguments made and consistent with its 404(b) notice (ECF No. 319), which went unchallenged by Defendants. Even more, Defendants should not be given more time to prepare to defend against a case that is not charged and to argue facts and circumstances that are both irrelevant and inadmissible. *See, e.g.*, Resp. at 6 (claiming in ability to introduce evidence as to "other market forces" which may provide an explanation for defendants' charged offenses). The Court should not indulge frolics into irrelevant areas like those raised in the motions to dismiss, especially at the expense of the current trial date.

---

² The Government's reference to Exhibits 1 – 45 is misleading as there are #A, B, and Cs etc. for each exhibit number, bringing the real total to nearly several hundred. Dkt. 351 pp. 1-13. The episodes in the Indictment only involve Exhibits 1A - 20I. *See* Dkt. 134.

³ The pleading is titled "United States' Response in Opposition to Defendant Constantinescu's Motion to Compel," but this appears to be a misnomer as it does not address any motion to compel, rather only *Mitchell Hennessey's Emergency to Sever* (Dkt. 365) and Rybarczyk's response thereto (Dkt. 373).

- Dkt. 377 at p. 7.

Because it "reserves the right" to introduce additional episodes, *the Government commits to nothing*.  If the Government is allowed to "reserve the right" to introduce evidence of the other 378 episodes as evidence of guilt pursuant to Fed R. Evid. 404(b) or some other theory[4]—thereby creating a moving target for the Defendants during the trial—then the Defendants must be provided with ample time to prepare for all 397 "episodes." Put simply, the Defendants have a constitutional right to effective assistance of counsel as to those allegations, specifically, an attorney who is prepared to confront and cross the prosecution witnesses and present a defense to all 397 episodes. Counsel for six of the remaining trial defendants cannot meet this obligation.

**C.     Defendants Will Not Receive Effective Assistance of Counsel if the Prosecution is Allowed to Present Extraneous Episodes**

All but one of the remaining trial Defendants have requested a continuance because they cannot be ready given the volume of discovery relating to all 397 episodes and the work to be done to defend them.  *See* filings by: Constantinescu (Dkt. 322), Cooperman (Dkt. 372), Rybarczyk (Dkt. 373),[5] Deel (Dkt. 379), Matlock (Dkt. 379), and Hrvartin (Dkt. 383).  The final Defendant, Mitchell Hennessey, objects to going to trial with Co-Defendants who are not prepared. Dkt. 365. The Government dismisses these statements by a diverse group of experienced federal trial lawyers, including former prosecutors, as mere delaying tactics. Dkt. 377 at pp. 1,9, and 11; Dkt. 381 at 3.  This is imprudent and untrue. To the best of counsel's knowledge there has never been a securities fraud case in the history of the United States that has involved nearly 400 separate

---

[4] The Government claims that the notice went unchallenged. However, motions in limine are not due until September 13, 2023. Dkt. 254.

[5] Rybarczyk is prepared to make a more detailed proffer of his reasons *ex parte,* if permitted.

alleged "pump and dump" schemes, every single one of which will be fiercely contested on a factual and legal basis. Indeed, counsel must go through each episode line by line and trade by trade. The Government, in its zeal to proceed to trial and obtain convictions, ignores the very real prospect of later 28 U.S.C. 2255 litigation alleging ineffective assistance of counsel in violation of the 6th Amendment, citing very pleadings, which could result in another trial of this case, the opposite of judicial economy. Limiting an upcoming trial to the specific episodes in the Indictment may avoid that abyss.[6]

**D.     FREs Allow the Court to Exclude Episodes as Cumulative or a Waste of Time**

This Court has the authority, pursuant to Fed. R. Evid. 403 "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons" to limit the episodes outside the Indictment, even if relevant (which the defendants dispute), for any number of reasons, including as cumulative. The text of the rule states,

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
>
> - Fed. R. Evid. 403.

Likewise, Rule 611(a)(2) allows the Court to "exercise reasonable control over the mode and order of…presenting evidence" to "avoid wasting time." Fed. R. Evid. 611(a)(2). In other words, the Court has the authority to limit the evidence at trial to the 19 episodes in the Indictment. This works no prejudice to the Government—it has 19 chances to prove a fraud and conspiracy.

---

[6] The Court may also consider that according to data published by the Administrative Office of the U.S. Courts, the median time from filing to Jury Trial in criminal cases in U.S. District Courts was 24.7 months for fiscal year 2022, more than twice as long as this complex case has been pending. *See* "Table 6.3—U.S. District Courts–Combined Civil and Criminal Judicial Facts and Figures (September 30, 2022)," available at
https://www.uscourts.gov/statistics/table/63/judicial-facts-and-figures/2022/09/30 (last viewed September 6, 2023).

Allowing the prosecution additional chances merely results in unfair prejudice to Defendants who are not prepared on those, and presents cumulative, time wasting evidence. These extraneous episodes are not necessary for any issue the jury will decide at trial.

**E.     Other Episodes are Sentencing Issues (Loss and Restitution) the Court Decides**

The Government does not need the additional 378 episodes to prove the existence of a conspiracy. It already has 19. The jury will not even be charged on the total loss amount. The remaining episodes may only be necessary, if at all, for a post-conviction determination *by the Court* of loss and restitution. Loss, under the United States Sentencing Guidelines § 2B1.1 is an amount to determined by the Court at any sentencing after a report and objections from the parties. *See* Fed. R. Crim. P. 32(i)(3)(B); U.S.S.G. § 2B1.1 app.n.3(C)("The court need only make a reasonable estimate of the loss.").[7] Since *Booker,* the Court is not even bound by that guidelines calculation. *United States v. Booker,* 543 U.S. 220 (2005); 18 U.S.C. 3553(a). Similarly, restitution is determined by the Court. 18 U.S.C. 3663(a), 3663A(a). There is no reason to burden a jury or the Court with this cumulative evidence.

## CONCLUSION

For the reasons set forth above, Rybarczyk requests that the Court exclude evidence of any trading episode not specifically identified in the Indictment from any October, 2023, trial.

    Respectfully submitted,

    **HILDER & ASSOCIATES, P.C.**

    /S/ *Q. Tate Williams*
    Q. Tate Williams
    Texas Bar No.: 24013760
    Philip H. Hilder
    Texas Bar No. 09620050

---

[7] § 2B1.1 is the applicable guideline. U.S.S.G. App'x A; § 2X1.1.

>Stephanie K. McGuire
>Texas Bar No. 11100520
>819 Lovett Blvd.
>Houston, Texas 77006
>(713) 655-9111–telephone
>(713) 655-9112–facsimile
>philip@hilderlaw.com
>tate@hilderlaw.com
>stephanie@hilderlaw.com
>
>Eric Samuel Rosen
>Constantine Economides
>Dynamis LLP
>225 Franklin Street, 26th Floor
>Boston, MA 02110
>Tel: (617) 802-9157
>erosen@dynamisllp.com
>
>ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on September 6, 2023, I emailed with Asst. U.S. Attorney S. Armstrong about the substance of this motion and he indicated that the Government opposes the relief sought.

>/s/ *Q. Tate Williams*
>Q. Tate Williams

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2023, a true and correct copy of the above and foregoing reply brief was served on all counsel of record via ECF.

>/s/ *Q. Tate Williams*
>Q. Tate Williams