UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| VS. | § | NO. 4:22-cr-00612-3 |
| | § | |
| **JOHN RYBARCZYK et al.** | § | |

### RYBARCZYK'S OPPOSED TIME SENSITIVE MOTION FOR DEPOSITION SUBPOENAS OF FINRA WITNESSES PURSUANT TO COURT'S FEBRUARY 20, 2024, ORDER

Defendant, John Rybarczyk ("Rybarczyk") hereby files the following motion time-sensitive motion asking this Court, pursuant to its order at the February 20, 2024 hearing, to sign two subpoenas for depositions of two witnesses from FINRA. The subpoenas (and notices of deposition) are attached hereto as Exhibits A and B.

### INTRODUCTION

As this Court is aware, Mr. Rybarczyk filed a motion with the Court seeking the name of witnesses from FINRA who had experience with FINRA's SONAR system and who could testify concerning the searches undertaken by FINRA in response to this Court's prior order directing the Government to provide Brady material held by FINRA. FINRA, in response to the Brady order, searched its SONAR system and provided the defense with SONAR "hits" for various selected stocks. The defense believes that this material is highly exculpatory, in that it shows that FINRA's super competitors either did not detect market manipulation (pump and dump) or did detect a different type of fraud, such as insider trading. Either way, the SONAR materials (or lack of materials in this case) are exculpatory in that they tend to prove that there was no pump and dump.

This Court held oral argument on the motion at the February 20, 2024 hearing. At the hearing, this Court ordered the depositions of FINRA employees. Specifically, after hearing argument from both counsel for Mr. Rybarczyk and counsel for the Government this Court ruled at pages 75-76 of the hearing transcript (ECF No. 566), attached hereto as <u>Exhibit C</u>:

> Let me short-circuit this -- or let me, hopefully, short-circuit this. Why don't you pick a couple of the reports with the individual's name on them, the reports you like as opposed to ones Mr. Armstrong likes, and depose that person and see what they know and see who actually made the search.

This Court then confirmed: "I'm giving counsel permission *to pick one, pick two*. You can figure it out … [s]omebody there will know how the report was generated." *See* Tr. at 76-77. The Court further reiterated, "that ought to, at least, solve it at least for the time period of —not time period. For the initial complaint that you have." Counsel for Mr. Rybarczyk confirmed that he would "welcome the opportunity" to depose those FINRA witnesses. *See* Tr. at 77.

Since the hearing, counsel has worked diligently to attempt to identify the appropriate witnesses for a deposition. First, counsel has identified Mr. Daniel McClain, a Vice President of FINRA's "Fraud Detection and Coordinated Trading" unit. The SONAR system is housed and run by that unit; thus, Mr. McClain, as the head of that unit, should be able to explain how and why the SONAR system "hits" on various market events. Second, the Government has now identified Mr. John Sazegar as the individual who ran the various searches that unearthed the hit reports provided to counsel from SONAR.

Given the short time frame between now and trial, counsel wishes to do the depositions via Zoom on March 7 and 8, 2024. Accordingly, the attached subpoenas seek Zoom depositions for those dates and counsel asks this Court to order and sign the subpoenas consistent with this Court's order at the February 20, 2024 hearing.

The Zoom link for Mr. McClain's deposition on March 7, 2024 is:

https://us06web.zoom.us/j/82527887260?pwd=G3EHaDJ1dQ7qGpKg4ubRYWkUlJDYaF.1&from=addon

The Zoom link for Mr. Sazegar's deposition on March 8, 2024 is:

https://us06web.zoom.us/j/83253849165?pwd=bORqlC8cVx0qtMiXPMbuIUpbzbKfkM.1&from=addon

Further, as part of the deposition, Mr. Rybarczyk respectfully asks FINRA to produce the "Fraud Surveillance and Procedures Manual." Counsel understands that this manual governs how FINRA staff process and analyze SONAR "hits."

A copy of the Protective Order entered in this case at ECF No. 119 will being served with the Subpoenas and Notices of Deposition.

## CONCLUSION

For these reasons, Mr. Rybarczyk respectfully asks this Court to issue the subpoenas attached hereto so that Mr. Rybarczyk can take the deposition of the two listed witnesses from FINRA. Counsel further asks that this Court order the production of the "Fraud Surveillance and Procedures Manual" of FINRA.

Respectfully submitted,

**HILDER & ASSOCIATES, P.C.**

/S/ *Q. Tate Williams*
Q. Tate Williams
Texas Bar No.: 24013760
Philip H. Hilder
Texas Bar No. 09620050
Stephanie K. McGuire
Texas Bar No. 11100520
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile

tate@hilderlaw.com
philip@hilderlaw.com
stephanie@hilderlaw.com


Eric Samuel Rosen
Dynamis LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel: (617) 802-9157
erosen@dynamis.com

ATTORNEYS FOR DEFENDANT
JOHN RYBARCZYK


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this pleading was served on all counsel of record via ECF contemporaneous with filing.


/s/ *Q. Tate Williams*
Q. Tate Williams

**CERTIFICATE OF CONFERENCE**

Counsel for Rybarczyk has conferred with the Government in this matter by electronic mail and AUSA Armstrong responded that the prosecution "objects to any depositions in this case," and claims that the "Court did not order any depositions" but only "mention[ed] it in passing and off the cuff." *See* Exhibit D. He further stated that "[t]o the extent FINRA consents to a voluntary interview of anyone, you are free to proceed with that route." *Id*.


/s/ *Q. Tate Williams*
Q. Tate Williams

4